IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                No. 4:19-cr-31-DPM

GILBERT R. BAKER                                                        DEFENDANT

ORDER

The United States Constitution prefers jury trials in felony cases. U.S. CONST. art. III, § 2, cl. 3 & amend. VI.  If the accused wants a jury to decide whether the United States has proved him guilty beyond a reasonable doubt, then the Court must empanel twelve people to find the facts.  No similarly robust right exists to be tried by the Court sitting alone. *Singer v. United States*, 380 U.S. 24, 34–36 (1965); *Patton v. United States*, 281 U.S. 276, 312 (1930), *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78, 91–92 (1970).  A federal defendant who wants to waive his right to a jury trial must have the Court's approval and the United States' consent.  *Ibid.*;  FED. R. CRIM. P. 23(a).  There's one possible exception to the consent requirement:  if rejecting a waiver would deny the defendant a fair and impartial trial, the Court might be able to accept the waiver notwithstanding the United States' objection. *Singer*, 380 U.S. at 37–38.  Gilbert Baker argues that this exception

- 2 -

applies to his case. He seeks a bench trial even though the United States objects. *Doc. 44 & Doc. 50.*

Baker is concerned about the complexity of this case. He says it will involve interpreting certain Arkansas rules and statutes—a task he believes is best left to the Court rather than a jury. *Doc. 44 at 3–4.* The Court is not persuaded. First, it is the Court's job to interpret the law, not the jury's. If there's some dispute about what the applicable law is, then the parties should air it in their pretrial motions. This case is not so complex that a properly instructed jury would be unable to apply the applicable law to the facts. Second, Baker may be right that a bench trial would be more efficient or at least more convenient. Neither consideration, though, is determinative. Baker hasn't shown that his case is so exceptional that he can't receive a fair and impartial trial by a jury. *Compare, e.g., United States v. Braunstein*, 474 F. Supp. 1, 12–18 (D. N.J. 1978). His motion, *Doc. 44*, is therefore denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 July 2020