IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR31-DPM |
| | ) | |
| GILBERT R. BAKER | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE CERTAIN CROSS-EXAMINATION PURSUANT TO FEDERAL RULES OF EVIDENCE 403 AND 608**

The United States of America, by and through its attorney, Michael Gordon, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, for the Eastern District of Arkansas, and Assistant United States Attorneys Julie Peters and Patrick Harris, for its motion in limine to preclude certain cross-examination pursuant to Federal Rules of Evidence 403 and 608, respectfully states as follows.

On January 10, 2019, the Grand Jury for the Eastern District of Arkansas returned a nine-count Indictment against defendant Gilbert BAKER, charging him with one count of conspiracy, in violation of 18 U.S.C. § 371, one count of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), and seven counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.  The Indictment alleges that BAKER solicited campaign contributions before the time campaign fundraising was allowed under Arkansas law, in support of former Faulkner County Circuit Court Judge Michael Maggio's campaign for the Arkansas Court of Appeals, from an individual who had an ongoing case before Maggio.  The Indictment further alleges that BAKER made Maggio aware of the individual's contributions in an effort to obtain a favorable ruling on a motion to overturn or remit a jury verdict awarding monetary damages against a nursing home owned by the individual.

1

The United States intends to call Maggio to testify as a witness in this case. Maggio formerly served as a circuit judge in the Twentieth Judicial District of the State of Arkansas. The Arkansas Supreme Court ordered Maggio's removal as a circuit judge based on comments he made in an online forum and his personal involvement in a hot-check case in which he was not a party. *See Judicial Discipline and Disability Comm'n v. Maggio*, 2014 Ark. 366, 440 S.W.3d 333; Letter from David J. Sachar, Executive Director, Judicial Discipline and Disability Commission, to Michael A. Maggio (Aug. 6, 2014). The online posts include highly inappropriate statements related to race, gender, and sexuality. It is anticipated that BAKER may seek to cross-examine Maggio regarding the nature and content of these comments. The United States respectfully requests that this Court enter an order barring cross-examination regarding these comments.

Maggio is expected to testify regarding the events surrounding his decision to grant remittitur in a case that was before him, and that decision's connection to contributions solicited by BAKER for Maggio's campaign for a seat on the Arkansas Court of Appeals. The comments made by Maggio on the internet forum are not relevant to this testimony or any other issue in this case. Further, even assuming this evidence were in some way relevant to this proceeding, it should be excluded under the balancing test required in Federal Rule of Evidence 403.

Rule 403 provides that the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[W]hile the Confrontation Clause generally 'guarantees a defendant's right to cross-examine witnesses ... and expose the[ir] motivation,' the right to cross-examine a witness 'is not without limitation, even where the subject matter is bias.'" *United States v. Ragland*, 555 F.3d 706, 712 (8th Cir. 2009) (quoting *United States v. Drapeau,* 414 F.3d 869, 875 (8th Cir.2005)

(citing *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986))). *See also United States v. Gaines*, 8 Fed. App'x 635, 641 (9th Cir. 2001) (finding that under Rule 403, "a district court may restrict cross-examination without violating the Confrontation Clause if the questioning will elicit information that is prejudicial, irrelevant, cumulative, collateral, or will tend to confuse the jury) (citing *United States v. Amlani,* 111 F.3d 705, 716 (9th Cir.1997) (affirming limitation on testimony where it would confuse jurors with minimally relevant collateral issues); *United States v. Wills,* 88 F.3d 704, 714 (9th Cir.1996) (affirming prohibition on questions which might prejudice jury)). "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." *United States v. Scott,* 145 F.3d 878, 888 (7th Cir.1998) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985)).

The United States asserts that, given the highly inflammatory nature of the comments made by Maggio in the online forum, the danger of prejudice would substantially outweigh any probative value to the defense should cross-examination regarding these issues be allowed. Further, the defense should be able to thoroughly cross-examine Maggio regarding his relevant conduct in this matter without raising this line of questioning. Thus, the defense should be barred from making any such inquiries on cross-examination.

The United States asserts that any questioning on cross-examination regarding the online comments by Maggio would also not be admissible under Federal Rule of Evidence 608, which permits cross-examination of a witness about specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness. The nature and content of the comments by Maggio are not probative of his character for truthfulness or untruthfulness. *See United States v. Gonzalez*, 938 F. Supp. 1199, 1209 (D. Del. 1996) ("That [the witness] may be regarded as a

racist or sexist individual by others … is not in any way probative of [the witness's] character for truthfulness or untruthfulness.") Further, any possible probative value would be substantially outweighed by the prejudice that would result from allowing such inquiry. *See King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994) ("The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under … Rule 608(b).")

**WHEREFORE**, the United States respectfully requests that its motion in limine to preclude certain cross-examination pursuant to Federal Rules of Evidence 403 and 608 be granted.

    Respectfully submitted,

    MICHAEL GORDON
    ATTORNEY FOR THE UNITED STATES,
    ACTING UNDER AUTHORITY
    CONFERRED BY TITLE 28, UNITED
    STATES CODE, SECTION 515

    JULIE PETERS (AR 2000109)
    PATRICK HARRIS (AR 85069)
    Assistant U.S. Attorneys
    P.O. Box 1229
    Little Rock, AR  72203
    501-340-2600
    Julie.Peters@usdoj.gov
    Pat.Harris@usdoj.gov