IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              No. 4:19-cr-31-DPM

GILBERT R. BAKER                                            DEFENDANT

ORDER

**1.** Baker hasn't responded to the United States' motions to preclude certain cross-examination and to exclude polygraph evidence. *Doc. 56 & 57*. The unopposed motions are granted.

**2.** Baker moves to dismiss the Indictment because the United States didn't charge him until 2019. *Doc. 59*. He argues that if he'd been charged sooner, then he would still have access to exculpatory text messages that are no longer available. The United States says that it tried to retrieve those messages in the fall of 2014, but they'd already been deleted from Baker's phone. Baker hasn't contradicted this assertion.

Baker may be prejudiced by the unavailability of the text messages. But even if the United States had indicted him in 2015 instead of 2019, those messages would still be unavailable. Baker is the one who had control of his phone when the messages were deleted. Any prejudice is not the result of the Indictment's timing. The motion, *Doc. 59*, is denied.

**3.** Baker also moves to dismiss the Indictment for failing to state an offense. He attacks on three fronts.

*Section 666 Agency and Nexus to Funds.* It's settled law that § 666 doesn't require proof of a nexus between the corrupt activity and the federal funds. *Sabri v. United States*, 541 U.S. 600, 604 (2004); *see also United States v. Hines*, 541 F.3d 833, 836 (8th Cir. 2008). Relying on two Fifth Circuit cases, though, Baker argues that an "agent" must nonetheless have authority to act on behalf of the agency with respect to its funds. *United States v. Phillips*, 219 F.3d 404, 409–15 (5th Cir. 2000); *United States v. Whitfield*, 590 F.3d 325, 344–45 (5th Cir. 2009). Baker says the Indictment must be dismissed because it doesn't allege that former-judge Maggio had authority to act on behalf of the judicial district with respect to its funds.

The starting point is the statute's text; and that's the end point, too, unless the text is ambiguous. *United States v. Kowal*, 527 F.3d 741, 746 (8th Cir. 2008). It isn't. Section 666 states that "the term 'agent' means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative" 18 U.S.C. § 666(d)(1). The plain language of the statute doesn't require authority over any funds. Most courts have therefore refused to engraft this additional requirement onto the statutory text. *E.g., United States v. Fernandez*, 722 F.3d 1, 9–12 (1st Cir.

2013); *United States v. Keen*, 676 F.3d 981, 990 (11th Cir. 2012). The United States Court of Appeals for the Eighth Circuit hasn't squarely faced the issue; but it has upheld a defendant's conviction for violating this statute even though he lacked any authority over agency funds. *Hines*, 541 F.3d at 835–36.

This Court agrees with the conclusion of most courts that have addressed this point: an "agent" within the meaning of § 666 need not have authority with respect to the agency's funds. This reading is truer to the statute's "expansive, unqualified language" and the Supreme Court's interpretation of it. *Salinas v. United States*, 522 U.S. 52, 56 (1997); *see also Sabri*, 541 U.S. at 606. Further, as a later panel of the Fifth Circuit has noted, "the *Phillips* majority's concern about avoiding constitutional doubts now itself rests on doubtful foundations" after the Supreme Court's analysis in *Sabri*. *United States v. Shoemaker*, 746 F.3d 614, 622 n.7 (5th Cir. 2014). Because the Indictment in this case tracks the language of the statute and alleges that Maggio was an agent of the Twentieth Judicial District, it is sufficient. *Hamling v. United States*, 418 U.S. 87, 117–18 (1974). Baker's motion to dismiss is denied on this point.

While the Court rejects Baker's reading of the statute, *Phillips* and *Whitfield* are instructive on two other aspects of § 666. In *Phillips*, the proof showed that the tax assessor wasn't an agent of the parish. Instead, he was an agent of the state Tax Commission, which didn't

receive federal funds. *Phillips*, 219 F.3d at 409-15. The United States therefore failed to prove he had authority to act on behalf of a federally funded government or agency. 18 U.S.C. § 666(d)(1). If Baker believes the United States similarly can't prove that Maggio had authority to act on behalf of the judicial district, then his motion is premature. That call is best made at trial after the United States rests. *Sabri*, 541 U.S. at 608-10.

In *Whitfield*, the judges who took bribes were agents of Mississippi's federally funded Administrative Office of the Courts; but the AOC dealt solely with the courts' nonjudicial business. The bribes the judges took, on the other hand, were tied to judicial business—cases pending before them. *Whitfield*, 590 F.3d at 343-47. The United States therefore failed to prove the corrupt acts were "in connection with" the AOC's business as required by the statute. 18 U.S.C. § 666(a)(1)(B). To the extent Baker argues a similar disconnect here, though, the Court of Appeals has already held that when an Arkansas judge "issues an order remitting a judgment in a case before him, he is acting in connection with the business of his court." *United States v. Maggio*, 862 F.3d 642, 647 (8th Cir. 2017).

***Quid Pro Quo.*** Baker next argues that neither the bribery count nor the honest services fraud count adequately allege a *quid pro quo*. The motion is denied on this point, too. The Indictment alleges the following timeline:

| | |
|---|---|
| **16 May 2013** | Jury returns a $5.2 million verdict against Company A. |
| **17 June 2013** | Lawyer for Company A file a motion for new trial or remittitur. |
| **29 June 2013** | Baker tells Maggio "your first 50k is on the way," which Maggio understood to include support from Individual A. |
| **Late June or Early July 2013** | Baker communicates to Maggio that "win, lose, or draw," Individual A would support Maggio. |
| **Early July 2013** | Baker tells Maggio that Individual A is watching the civil lawsuit and would appreciate a favorable decision. |
| **Early July 2013** | Baker sends fax to Individual A requesting campaign contributions to the ten PACs he'd set up. |
| **8 July 2013** | Baker communicates with Maggio via text. Individual A writes ten checks, one to each of the ten PAC names Baker provided and sends them to Baker's home address. |

| | |
|---|---|
| **9 July 2013** | Baker receives the checks in the morning. That afternoon, he communicates with Maggio via call and text. |
| **10 July 2013** | Maggio signs an Order reducing the judgment against Company A. |

*Doc. 1 at 3 & 9–11.* Baker emphasizes the "win, lose, or draw" statement; but how to interpret those words in context is for the jury. The Indictment sufficiently alleges a *quid pro quo* and gives Baker adequate notice about what he'll have to defend against.

   ***Bribe or Gratuity.*** Baker's final argument is that the Indictment alleges, at most, a gratuity because the money didn't make it to Maggio's campaign until after he'd issued the remittitur Order. This argument fails for two reasons. First, the Indictment alleges that Baker received the checks before Maggio ruled and then concealed the money in the PAC accounts until Maggio's campaign could receive it. Second, as the United States argues, it's the timing of the agreement—not the timing of the payment—that differentiates a bribe from a gratuity. *United States v. Griffin*, 154 F.3d 762, 764 (8th Cir. 1998). The Indictment adequately alleges a bribe—an agreement before Maggio's official act. Baker's motion is therefore denied on this point.

   **4.** The Court appreciates the United States' proposed jury instructions. If Baker requests any different or additional instructions, then he must submit them by 7 May 2021. Any submission by Baker is

simply to help the Court; his arguments for dismissal are noted, rejected, and preserved.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 April 2021