**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 4:19-cr-31-DPM**

**GILBERT R. BAKER** **DEFENDANT**

**ORDER**

I received the attached letter and enclosures. I am disregarding them. If any party believes I should take any other step, please file a response by 11 June 2021.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

28 May 2021

5-10-2021

U. S District Court Judges:

This is Rolandis Chatmon writing in regards to the pending Writ of Habeas Corpus petition in this Court styled as **CHATMON V. PAYNE, CASE # 4:21-CV-00172-KGB**. I've come to the conclusion that Michael Maggio was not an "Agent of the State Government" as he admitted in **UNITED STATES V. MICHAEL MAGGIO, 862 F.3D 642** and as exampled by the facts in the felony information charging Maggio with Bribery. See, **UNITED STATES V. MICHAEL MAGGIO CASE # 4:15-CR-00001-1BSM**. Michael Maggio presided over **NO** juvenile cases during his (13) thirteen year tenure as a judge and Maggio's sole obligation as a judge was juvenile court under Arkansas Law. See, **A.C.A. § 16-13-2803**. The law creates Courts and Defines their powers and consent cannot authorize a judge to do what the law has not given him power to do.

The Law prohibited Maggio from succeeding himself to an appointed position pursuant to **Ark. Const. Amend. 29§2**, Therefore, Maggio was not authorized to act on behalf of the (20th) Twentieth Judicial District. Absent Maggio's guilty plea, which has a binding force and effect over Maggio, Michael Maggio was not an agent of the State government. It has been argued in pending federal criminal case of **UNITED STATES V. GILBERT BAKER**, that Maggio was not authorized to act on behalf of the Twentieth Judicial District.

If U.S. District Judge Kristine Baker is compelled to force me to receive authorization from the (8th) Eighth Circuit prior to determining the legality of my confinement, which by definition under Arkansas law is defined as Human Trafficking, **A.C.A. § 5-18-102**, Chatmon requests that this Court order A.U.S.A. Julie Peters or the Secretary of State to provide the "Official Records" of Michael Maggio. As Director of the ADC, Dexter Payne has the authority to release Chatmon, therefore, a copy of this letter will be forwarded to Dexter Payne.

Respectfully,

Rolandis Chatmon
P.O. Box 600
Grady, AR. 71644

CC: U.S. District Judge Kristine Baker
U.S. District Judge Brian Miller
U.S. District Judge D. P. Marshall
A.U.S.A. Julie Peters
Dexter Payne, Director of A.D.C.

* When the alleged Judge is not a Judge at all there is no jurisdiction
Director's of the ADC have previously coordinated with the Twentieth Judicial District providing guidance & services to ensure a full range of correctional options for the State as a whole. This led to a scheme or plan to traffick thousands through the ADC using Michael Maggio. I'm requesting that this mat be investigated by the F.B.I. or the U.S. Attorney's office as criminal offenses pursuant to 18 U.S.C. §1581, §1583, §1584, §1589, §1591, §1592. If the "Judicial History" cited by AUSA Julie Peters is accurate then Maggio was a fraud.

WESTLAW

§ 1. United States Senate--Elective offices
AR CONST Amend. 29, § 1 West's Arkansas Code Annotated Constitution of the State of Arkansas of 1874 (Approx. 2 pages)

West's Arkansas Code Annotated
Constitution of the State of Arkansas of 1874
Amendments to the Constitution of Arkansas of 1874
Amendment 29. Appointments to Fill Vacancies (Refs & Annos)

AR Const. Amend. 29, § 1

## § 1. United States Senate--Elective offices

Currentness

Vacancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor.

### Credits

Initiative petition approved at Nov. 8, 1938, election.

### Notes of Decisions (25)

Const. Amend. 29, § 1, AR CONST Amend. 29, § 1
The constitution and statutes are current through the end of the 2019 Regular Session of the 92nd Arkansas General Assembly.

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw Next. © 2019 Thomson Reuters Thomson Reuters Privacy Policy Thomson Reuters is not providing legal advice THOMSON REUTERS

**§ 2. Persons not eligible**
AR CONST Amend. 29, § 2 West's Arkansas Code Annotated Constitution of the State of Arkansas of 1874 *(Approx. 2 pages)*

West's Arkansas Code Annotated
Constitution of the State of Arkansas of 1874
Amendments to the Constitution of Arkansas of 1874
Amendment 29. Appointments to Fill Vacancies (Refs & Annos)

AR Const. Amend. 29, § 2

## § 2. Persons not eligible

Currentness

The Governor, Lieutenant Governor and Acting Governor shall be ineligible for appointment to fill any vacancies occurring or any office or position created, and resignation shall not remove such ineligibility. Husbands and wives of such officers, and relatives of such officers, or of their husbands and wives within the fourth degree of consanguinity or affinity, shall likewise be ineligible. No person appointed under Section 1 shall be eligible for appointment or election to succeed himself.

**Credits**
Initiative petition approved at Nov. 8, 1938, election.

**Notes of Decisions (1)**

Const. Amend. 29, § 2, AR CONST Amend. 29, § 2
The constitution and statutes are current through the end of the 2019 Regular Session of the 92nd Arkansas General Assembly.

End of Document

© 2019 Thomson Reuters No claim to original U.S. Government Works

T 2015 – 009 Document #: 16-0
SL

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
JAN - 9 2015
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 4:15CR00001-1 BSM |
| v. | ) | 18 U.S.C. § 666(a)(1)(B) |
| MICHAEL A. MAGGIO #90015 | ) | |

**INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT, at all times material to this Information:

**GENERAL ALLEGATIONS**

1. Defendant MICHAEL A. MAGGIO was a circuit judge for the State of Arkansas, Twentieth Judicial District, Second Division. MAGGIO was appointed to this position in or about 2000, elected to this position in or about 2002, and re-elected to this position in or about 2008. MAGGIO held this position until on or about September 11, 2014. During his tenure as a circuit judge, MAGGIO was an agent of the State of Arkansas and the Twentieth Judicial District, and he presided over criminal, civil, domestic relations, and probate cases filed in Faulkner, Van Buren, and Searcy counties.

[handwritten: Illegal. Illegal]

[handwritten margin: & succeeded himself to an appointed position in violation of Ark. Const. Art. 29 §2.]

[handwritten margin: No Juvenile cases & this was Maggio's sole obligation as a Judge. see A.C.A. §16-13-2803]

2. On or about June 27, 2013, MAGGIO announced his candidacy for the Arkansas Court of Appeals for the nonpartisan general election to be held on May 20, 2014. MAGGIO formally withdrew his candidacy on or about March 6, 2014.

3. Individual A was a stockholder in numerous nursing homes located in Arkansas. Individual A owned Company A, a nursing home located in Faulkner County.

EXHIBIT 2



Document #: 16-0   Date Filed: ████████   Page 9 of 39

4. Individual B was a lobbyist and political fundraiser. Individual B assisted MAGGIO's campaign to be elected to the Arkansas Court of Appeals.

## COUNT ONE
### Bribery Concerning Programs Receiving Federal Funds
(Violation of 18 U.S.C. § 666(a)(1)(B))

5. Paragraphs 1 through 5 are realleged and incorporated by reference as though fully set forth herein.

6. In each of the calendar years 2013 and 2014, the State of Arkansas, Twentieth Judicial District received in excess of $10,000 from the United States government under Federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance.

7. From in or about February 2013 and continuing until in or about mid-2014, in the Eastern District of Arkansas and elsewhere,

### MICHAEL A. MAGGIO,

defendant herein, an elected circuit judge for the State of Arkansas, Twentieth Judicial District, Second Division—a part of the judicial branch of government for the State of Arkansas—did knowingly and corruptly solicit and demand for his own benefit and the benefit of others, and accept and agree to accept, a thing of value from Individual A—that is, campaign contributions—provided through an intermediary, that is, Individual B, for MAGGIO and his campaign intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Arkansas, Twentieth Judicial District, Second Division, that involved $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

-2-

Respectfully Submitted,

PATRICK HARRIS
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED BY
TITLE 18, UNITED STATES CODE, SECTION 515

By: JULIE PETERS
AR Bar No. 2000109
Assistant United States Attorney
P. O. Box 1229
Little Rock, Arkansas 72203
501-340-2600
julie.peters@usdoj.gov

JACK SMITH
CHIEF

Edward P. Sullivan by JEP w/ permission
By: EDWARD P. SULLIVAN
NY Bar No. 2731032
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., N.W., 12th Floor
Washington, D.C. 20530
202-514-1412
edward.sullivan@usdoj.gov

# U.S. asks judge to let bribe case run

## Filing responds to dismissal bid

BILL BOWDEN
ARKANSAS DEMOCRAT-GAZETTE

A former state senator charged with bribery, wire fraud and conspiracy wants the charges dismissed, but his motion lacks merit and should be denied, according to a filing Friday in U.S. District Court in Little Rock.

Gilbert Baker, past chairman of the state Republican Party and a former lobbyist and political fundraiser, was indicted in January 2019 after a federal investigation that led to a 10-year prison sentence in July 2017 for former Faulkner County Circuit Judge Michael Maggio.


Baker

Baker, 64, is accused of being the middleman in an effort to bribe Maggio. At the time, Maggio was campaigning for a seat on the Arkansas Court of Appeals.

Baker's jury trial is scheduled for July 26. He is charged with seven counts of honest-services wire fraud, two counts of bribery concerning programs receiving federal funds, and one count of conspiracy.

In a Dec. 4 motion, Baker argued that the indictment

See BAKER, Page 8B



# Baker

• Continued from Page 1B

should be dismissed because it failed to allege the offenses.

"The Indictment sets forth the details and series of events that form the basis for the charges," wrote Assistant U.S. Attorney Julie Peters in a response filed Friday. "The court should deny Baker's motion."

In the Dec. 4 motion, Baker's attorney, J. Blake Hendrix, of Little Rock, "asserts that the indictment fails to state the offense of federal-funds bribery, 18 U.S.C. § 666(a)(2), because it doesn't allege that Maggio was authorized to act on behalf of the Twentieth Judicial District as to its funds," wrote Peters.

But Peters argued that Maggio was an agent of Arkansas' judicial branch by being a judge for the 20th Judicial District, which includes Faulkner, Searcy and Van Buren counties.

"The indictment sufficiently alleges a connection between the alleged bribe and a state agency, as it alleges that Maggio accepted the bribe in exchange for a favorable ruling on a case that was before him," wrote Peters.

Also in the Dec. 4 motion, Baker argued that the indictment fails to state the offenses of federal-funds bribery and honest-services bribery/wire fraud because it doesn't "plead sufficient information to establish a quid pro quo," wrote Peters.

"The indictment in this case, Baker contends, fails to allege that Baker gave Maggio campaign contributions for the specific act of reducing the jury award," wrote Hendrix in the Dec. 4 motion. "The indictment, therefore, should be dismissed."

The indictment charges Baker under two federal bribery statutes. Under 18 U.S.C. § 666(a)(2), Baker is charged as a "payor" in federal-funds bribery; and under 18 U.S.C. §§ 1343 and 1346, Baker is charged with "a scheme or artifice to deprive another of the intangible right of honest services," namely, the people's right to the honest services of Maggio as their judge, wrote Peters.

With respect to a payor defendant, there is "no universal requirement that bribe payors and payees have a meeting of the minds about an official act," wrote Peters, citing case law upheld by the 8th Circuit.

"A payor defendant completes the crimes of honest-services and federal-funds bribery as soon as he gives or offers payment in exchange for an official act, even if the payee does nothing or immediately turns him in to law enforcement," wrote Peters, citing case law.

"Therefore, as to Baker's substantive charges (counts two through nine), the government need not show that Baker and Maggio had an actual meeting of the minds about the official act, only that Baker intended or attempted to form the quid pro quo," wrote Peters. "The fact that Maggio acted upon the intended quid pro quo is evidence of Baker's intent, but it is not an element of those offenses.

"The United States agrees with Baker that in federal prosecutions involving a campaign contribution bribe, the attempted quid pro quo must be explicit, or specific; however, this does not mean it must be stated expressly."

From January 2013 to April 2014, Baker was president, secretary and treasurer of LRM Consulting, a lobbying firm.

In July 2013, Maggio lowered a $5.2 million jury verdict against the owner of the Greenbrier Nursing and Rehabilitation Center to $1 million. The action took place July 10, the day after 10 $3,000 checks written by the nursing home's owner, Michael Morton, arrived at Baker's home. Authorities said the checks were made out to political action committees that were primarily helping Maggio's campaign for a seat on the Arkansas Court of Appeals.

The lawsuit had been filed against the nursing home by the family of 76-year-old Martha Bull of Perryville, who died in 2008 about two weeks after being admitted for rehabilitation for a stroke and an abdominal illness.

Morton has called the timing of the checks coincidental. They were written July 8, 2013, the same day Morton's lawyers asked Maggio to void or slash the jury award to Bull's family.

Morton, a Fort Smith businessman who hasn't been charged with a crime, has said the money was meant for Maggio's judicial campaign and was not an attempt to influence the outcome of the lawsuit.

Bull's daughters' lawsuit accusing Morton and Baker of interference was settled in October.

Also on Dec. 4, Hendrix filed a motion to dismiss the indictment because of "pre-indictment delay."

"The indictment alleges that each of the charges was committed between May 2013 and June 2014," wrote Hendrix. "The indictment was not filed until Jan. 10, 2019."

The FBI was busy during that time with the investigation, which included trying to recover text messages between Baker and Maggio, wrote Peters in a Dec. 17 response to the motion.

"The indictment in this case was timely returned, and the evidence was timely gathered," wrote Peters. "Baker's Fifth Amendment due process rights are intact. Because Baker falls far short of meeting his burden to demonstrate actual and substantial prejudice, the United States respectfully submits that Baker's motion should be denied.

Chief Judge D.P. Marshall Jr., who has been assigned to Baker's case, has yet to rule on the motions.

Roland S Chatman [illegible]
P.O. Box 600
Grady, AR 71644

Legal Mail

U.S. Judge D.P. Marshall
600 W. Capitol Ave, RM# B155
Little Rock, AR 72201