IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-31-DPM |
| | ) | |
| GILBERT R. BAKER | ) | |

## AUTHORITY IN SUPPORT OF THE UNITED STATES' POSITION REGARDING SPECIFICITY OF THE QUID PRO QUO

The United States of America, by and through its attorney, Michael Gordon, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, for the Eastern District of Arkansas, and Julie Peters and Patrick Harris, Assistant United States Attorneys, and for its authority and argument in support of the United States' position regarding specificity of the *quid pro quo*, respectfully states as follows.

In the Indictment, the United States alleges that GILBERT BAKER provided campaign contributions to former-Judge Maggio, and in exchange, Maggio acted in his official capacity to benefit Individual A and Company A in the civil lawsuit over which Maggio was presiding.[1]  BAKER asks that the Court instruct the jury that it must find the campaign contributions were given in exchange for Maggio *reducing the jury verdict in the lawsuit* to benefit Individual A and Company A.

---

[1] Because this is a payor bribery case, it is not necessary for the United States to show that Maggio took action on Baker's offer, only that BAKER offered it.  *See, e.g., United States v. Suhl*, 885 F.3d 1106 (8th Cir. 2018)  However, as it happens in this case, Maggio did take action, and proof of the completed *quid pro quo* also serves as proof of BAKER's offer.

1

At the pretrial hearing, BAKER indicated that he was relying on *McCormick v. United States*, 500 U.S. 257 (1991), in requesting that the instructions specify the act as "reducing the jury verdict." BAKER's reliance is misplaced, in that he is confusing means and goals. In *McCormick*, a Hobbs Act case, the Supreme Court held that an explicit *quid pro quo* is necessary for a conviction when the payments to an official are in the form of a campaign contribution. The *McCormick* court explained that the reason for requiring an explicit *quid pro quo* in the context of campaign contributions is to avoid having officials convicted of criminal conduct when they have legitimately taken action to benefit constituents before or after soliciting or receiving campaign contributions. *See McCormick*, 500 U.S. at 272-73. Shortly after the decision in *McCormick*, the Supreme Court approved the following instruction in a bribery case involving campaign contributions: "However, if a public official demands or accepts money in exchange for [a] specific requested exercise of his or her official power, such a demand or acceptance does constitute a violation of the Hobbs Act regardless of whether the payment is made in the form of a campaign contribution." *Evans v. United States*, 504 U.S. 255, 258 (1992).

Here, as alleged in the Indictment, the "specific requested exercise" was for Maggio to act to benefit Individual A and Company A in the lawsuit. At the time of the *quid pro quo*, the only options available to benefit Individual A and Company A were for Maggio to remit the verdict, grant a new trial, or enter judgment for the defendant notwithstanding the verdict. It was not necessary for Baker to select, or Maggio to specify, which of these options (the means) he would use to act favorably to Individual A and Company A (the goal). To require such specificity would frustrate the purposes of the federal-funds bribery

statute, in that the parties could structure a bribe to escape prosecution by leaving it to the elected official alone to select from multiple means to achieve the agreed-upon goal.  Proof that BAKER offered Maggio campaign contributions in exchange for Maggio taking action to benefit Individual A and Company A at that stage of the lawsuit satisfies the purpose of requiring proof of an explicit *quid pro quo*.  It is not a "generalized expectation of some future favorable action" that fails to satisfy the requirements of *McCormick*. *United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011)

Further, it is not necessary for the United States to present proof of an express agreement between BAKER and Maggio.  See *Evans*, 504 U.S. at 274 (1992) (Kennedy, J., concurring) ("The official and the payor need not state the *quid pro quo* in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods."); *Siegelman*, 640 F.3d at 1171 ("*McCormick* uses the word 'explicit' when describing the sort of agreement that is required to convict a defendant for extorting campaign contributions. Explicit, however, does not mean *express*.").  A *quid pro quo* may be established using circumstantial evidence.  See *Siegelman*, 640 F.3d at 1172.

Respectfully Submitted,

MICHAEL GORDON
Acting United States Attorney

By: JULIE PETERS (2000109)
PATRICK HARRIS (85069)
Assistant U.S. Attorneys
P.O. Box 1229
Little Rock, AR  72203
501-340-2600
Julie.Peters@usdoj.gov
Pat.Harris@usdoj.gov
