IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              No. 4:19-cr-31-DPM

GILBERT R. BAKER                                            DEFENDANT

## ORDER

1. Motion *in limine*, *Doc. 77*, denied with a caveat. The Court appreciates the parties' pithy briefs. As the United States argues, *Grunewald v. United States* doesn't hold that all post-conspiracy statements and acts are irrelevant or categorically inadmissible. 353 U.S. 391 (1957); *see also Lutwak v. United States*, 344 U.S. 604, 617–18 (1953). It may, however, be appropriate to strike those events from the list of alleged overt acts provided to the jury. *Doc. 76-3 at 37–38*; *Grunewald*, 353 U.S. at 403–04; WAYNE R. LaFAVE, SUBSTANTIVE CRIMINAL LAW § 12.3(c) (2d ed. 2003). Further, if Maggio's June 2014 statements were made after the conspiracy ended, then they may not be admissible against Baker. *United States v. Snider*, 720 F.2d 985, 989–90 (8th Cir. 1983); EIGHTH CIRCUIT MODEL CRIMINAL INSTRUCTION 5.06D n.3. Both issues depend on the proof about the duration of the alleged conspiracy, though.

**2.** Baker's proffered changes to the Court's final instructions, *Doc. 80*, are mostly overruled. Baker argues that the jury must find an explicit agreement to reduce the jury verdict in the nursing home's civil case — not just an agreement to act favorably to the nursing home in that case. That's more specificity than the law requires. *United States v. Terry*, 707 F.3d 607, 612–15 (6th Cir. 2013) (Sutton, C.J.). Folks can't circumvent the bribery statute by leaving the contours of the official act murky. An agreement for former-Judge Maggio to take official action favorable to the nursing home in the then-pending civil lawsuit is sufficient.

Baker's request for a theory of the defense instruction, *Doc. 80 at 16*, is held in abeyance. The Court will take it up after the proof comes in.

**3.** The United States objects to the Court's statement in Final Instruction 18 that "there must be some connection between the criminal conduct and the State of Arkansas, Twentieth Judicial District." *Doc. 76-3 at 42*. The United States says this is an incorrect statement of the law in the Eighth Circuit. The Court disagrees. The plain language of the statute requires that a bribe be "in connection with" a federally funded agency's "business, transaction, or series of transactions[.]" 18 U.S.C. § 666(a)(1)(B).

The United States argues, in the alternative, that the challenged statement is redundant. It is. Element two of the bribery instruction

requires a finding that "Baker corruptly offered and agreed to give campaign contributions to former-Judge Maggio in exchange for former-Judge Maggio acting favorably to the nursing home in the civil lawsuit[.]" *Doc. 76-3 at 41.* And the Court of Appeals stated in former-Judge Maggio's case that there is "no doubt that when a judge issues an order remitting a judgment in a case before him, he is acting in connection with the business of his court." *United States v. Maggio*, 862 F.3d 642, 647 (8th Cir. 2017). The instruction therefore adequately and correctly states the law without the added sentence about connection with the Twentieth Judicial District. The Court will omit that sentence.

**4.** Baker's lawyer wants to ask questions 80–89 from his proposed supplemental questionnaire during his follow-up *voir dire. Doc. 74-1 at 23–26.* This request is partly granted and partly denied. Baker's lawyer may not ask questions 85(a), 87(a), or 88(a). As for question 86(a), counsel may ask about the nature of a potential juror's prior campaign activities, but may not ask which judicial candidate the potential juror campaigned for. The other enumerated questions are fair game.

**5.** The Court is attaching a revised draft of the final instructions, which include the embedded verdict forms. These are the revisions: matters discussed at the pretrial; the omission of the redundant connection sentence in Instruction 18; and the removal of the citations

to authority. The *voir dire* and preliminary instructions, *Doc. 76-1 & 76-2*, remain unchanged and are locked in.

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 July 2021