IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR31-DPM |
| | ) | |
| GILBERT R. BAKER | ) | |

## **MOTION TO DISMISS COUNT TWO**

A five-year statute of limitations applies to an allegation of violating 18 U.S.C. §666(a)(2) (Federal Program Bribery). Bribery is complete when the bribe-payor offers the bribe. The indictment charging Federal Program Bribery was not brought within five years of the completion of the alleged offense. Baker asks that the Court dismiss Count Two.

1.   Count Two of the indictment alleges Baker violated 18 U.S.C. §666(a)(2) by corruptly offering Judge Michael Maggio, an agent of the State of Arkansas, a thing of value (campaign contributions) intending to influence Maggio in connection with a transaction of over $5000. The indictment was returned on January 10, 2019. The issue is whether the indictment was returned within five years of the alleged completion of the offense.

Section 3282 of Title 18 provides:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or information is instituted within five years next after such offense shall have been committed.

The statute of limitations for an offense typically begins to run once it is complete, that is, once all elements of the offense are established. *United States v. Askia*, 893 F.3d 1110, 1116 (8th Cir. 2018). A violation of 18 U.S.C. §666 is not a continuing offense; it is completed once each element of the offense has occurred. *Id*. at 1118. In payor-bribery cases, the offense is complete when the bribe is offered. *United States v. Ring*, 706 F.3d 460, 467 (D.C. Cir. 2013) (analyzing

1

the bribery statute, 18 U.S.C. §201(b)(1) and holding that the offer of the bribe is the violation of the statute).

2. The latest date that the Government alleges Baker offered Maggio a bribe was June 29, 2013. On that date, Baker sent Maggio a text message stating, "Well. Your first 50k is on the way." It is the Government's theory that this text message was an offer by Baker to Maggio in exchange for influencing Maggio to act favorably to Morton and his nursing home. According to the Government's theory, Maggio performed the official act when, on July 10, 2013, Maggio entered an order remitting the jury award from $5.2 million to $1 million dollars.

The five-year statute of limitations begins to run on the date the offense was completed. The alleged payor-bribe was completed when the bribe was allegedly offered – June 29, 2013. The indictment, therefore must have been returned by June 29, 2018. However, it was not returned until January 10, 2019, outside of the five-year period of limitations

For these reasons, Baker asks the Court to dismiss the indictment as time barred.

Respectfully submitted by,

J. Blake Hendrix
Arkansas Bar No. 86066
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7123 (direct dial)
bhendrix@fc-lawyers.com

Annie Depper
Arkansas Bar No. 2009267
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7144 (direct dial)
adepper@fc-lawyers.com